# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4570 | **DATE** | April 13, 2012 |
| **CASE TITLE** | Curtis vs. TransCor America, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons provided in the Statement section of this order, Plaintiff's "Motion to Strike Testimony and Report of Witness Steven E. Pitt, D.O." [160] is denied, but Plaintiff is granted leave to depose Dr. Pitt by May 15, 2012.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Before the court is Plaintiff's "Motion to Strike Testimony and Report of Witness Steven E. Pitt, D.O." (Dkt. No. 160. ("Mot. to Strike").) For the reasons stated herein, the motion is denied, but Plaintiff is given leave to depose Dr. Pitt by May 15, 2012.

     Dr. Pitt is a psychiatrist and expert for Defendant TransCor America LLC ("TransCor") who plans to opine about the mental status and emotional distress experienced by Plaintiff Brett Lee Curtis ("Plaintiff") over the death of his father, Joseph Curtis. (Dkt. No. 164 ("Def.'s Resp. to Mot. to Strike") Ex. 3).) Plaintiff's wrongful death suit against TransCor alleges that his father died of heatstroke in the back of a TransCor van while being transported from a federal prison in Leavenworth, Kansas to one in Terre Haute, Indiana. Plaintiff seeks damages for loss of his father's companionship and mental suffering over his death.

     Plaintiff moves to strike Dr. Pitt's testimony on the grounds that TransCor's disclosures of his identity and his expert report were untimely. In its Jan. 20, 2011 scheduling order, this court ordered TransCor to provide its expert discovery under Fed. R. Civ. P. 26(a)(2) by Oct. 15, 2011. (Dkt. No. 41.) That rule provides that in the case of a retained expert, like Dr. Pitt, the party must disclose the identity of the witness it may use at trial, and a written report containing a complete statement of his opinions and the underlying basis for those opinions. Fed. R. Civ. P. 26(a)(2)(A),(B).

     There is no dispute that TransCor disclosed Dr. Pitt's identity as a potential expert witness via U.S. Mail on Oct. 17, 2011. Because Oct. 15, 2011 fell on a Saturday, TransCor argues that based on Fed. R. Civ. P. 6(a)(1)(C), it had until had until Monday, Oct. 17, 2011 to make its disclosures. (Def's Resp. to Mot. to Strike 3.) However, the provisions in Rule 6 for computing time do not apply when the court has set a deadline by a date certain, as the court did here. *See Faust v. Anderson*, 52 F. Supp. 2d 930, 934–935 (N.D. Ill. 1999). Nonetheless, the court is not inclined to strike Dr. Pitt's testimony on this basis.

     Along with its Oct. 17, 2011 disclosures, TransCor included an explanation that Dr. Pitt's report was not complete because of an on-going dispute over TransCor's request to conduct a Fed. R. Civ. P. 35 psychiatric examination of Plaintiff. (Def's Resp. to Mot. to Strike 1–2, Ex. 1.) Court filings show that

**STATEMENT**

TransCor initially requested such an examination on Sept. 14, 2011, but the parties disagreed as to whether such an examination was appropriate under the facts of this case. (Dkt. No. 78, Exs. 1–3.) TransCor did not bring a formal motion for a Rule 35 examination until Oct. 26, 2011. (Dkt. No. 77.) That motion was denied by Magistrate Judge Schenkier on Nov. 2, 2011. (Dkt. No. 90.)

Dr. Pitt's expert report was not disclosed to Plaintiff until Jan. 17, 2012. The discovery deadline was Jan. 15, 2012, but that was a Sunday, and the following Monday was Martin Luther King Jr. Day. Given this, defense counsel once again erroneously believed TransCor had until Tuesday, Jan. 17, 2012 to complete discovery. Regardless, TransCor contends that it repeatedly explained that it would not be able to produce Dr. Pitt's report until it received certain discovery responses from Plaintiff and third parties. (Def.'s Resp. to Mot. to Strike 4.) At one point, TransCor sought to amend the case schedule, and it explained at that time that Dr. Pitt would be able to complete his report within three weeks of Plaintiff's deposition. (*See* Dkt. No. 94, at 8 n.4.) That deposition ultimately was held on Dec. 12, 2011. The court granted TransCor's motion to amend the case schedule in part. (Dkt. No. 100.)

Although it appears that on-going disputes over discovery were at least partially to blame, TransCor did not comply with this court's scheduling order when it submitted Dr. Pitt's report to Plaintiff after the discovery deadline had closed. Under Fed. R. Civ. P. 37(c)(1), this court must exclude expert opinions that were not disclosed in accordance with the Rules of Civil Procedure "unless the failure was substantially justified or harmless." In deciding whether a failure to comply is harmless or justified, the court should consider: (1) the prejudice or surprise that results to the party adversely affected by the information; (2) the ability to cure any prejudice; (3) the possibility of a disruption to the trial; and, (4) the bad faith or willfulness in not disclosing the information earlier. *Lujano v. Town of Cicero*, No. 07 C 4822, 2011 WL 6822204, at *1 (N.D. Ill. Dec. 23, 2011).

Plaintiff does not argue that TransCor acted in bad faith, although he does point out that TransCor could have initiated the process for requesting a Rule 35 examination earlier. (Mot. to Strike 2.) Plaintiff's prejudice argument is based solely on the fact that he did not have an opportunity to depose Dr. Pitt before discovery closed. The court finds that any prejudice can be cured by re-opening discovery to allow Plaintiff to depose Dr. Pitt. Given that the trial date has been stricken, re-opening discovery for this limited purpose will not disrupt the trial. For these reasons, Plaintiff's "Motion to Strike Testimony and Report of Witness Steven E. Pitt, D.O." (Dkt. 160) is denied. Plaintiff may depose Dr. Pitt by May 15, 2012.

*James F. Holderman*